IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF/RESPONDENT

Criminal No. 18-50007-001

JAMES T. DAOSAENG                                                 DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the *pro* se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant/Movant James T. Daosaeng ("Defendant"). (Doc. 53). The United States ("Government") has filed a Response. (Doc. 57). Defendant filed a Reply. (Doc. 58). The matter is before the undersigned for issuance of this report and recommendation.

An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

### I.   BACKGROUND

On January 23, 2018, Defendant was charged in a five count indictment with four counts of receipt of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. 1).

On March 29, 2018, Defendant pled guilty to one count of the indictment charging Defendant with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (Doc. 23). One of the admissions of fact set forth in the Plea Agreement is that Defendant admitted viewing and accessing child pornography using the dark web, downloading, and sharing child pornography. Id at ¶ 5.b.

An Initial Presentence Investigation Report ("PSIR) was submitted on May 31, 2018. (Doc. 30). The PSIR assessed a base offense level of 22 pursuant to U.S.S.G. § 2G2.2(a)(2). Id. at ¶ 53. The PSIR recommended specific offense characteristic enhancements totaling 15 points, one of which being a two level enhancement pursuant to U.S.S.G. §2G2.2(b)(3)(F), for knowingly engaging in distribution. Id. at ¶ 55. The PSIR recommended a three level reduction for acceptance of responsibility, which gave Defendant a total offense level of 34. Id. at ¶¶ 64-66. The PSIR indicated Defendant had a criminal history score of 0, which placed him in a criminal history category of I. Id. at ¶ 75. The minimum statutory term of imprisonment on count one was 5 years and the maximum term of imprisonment was 20 years. Id. at ¶ 100. The PSIR indicated the guideline imprisonment range to be 151 to 188 months. Id. at ¶101. Both the Government and Defendant filed objections to the PSIR. (Docs. 33, 39).

Prior to sentencing, Defendant filed a sentencing memorandum in which he argued for a variance from the advisory guideline range, and for the Court to impose a sentence of 60 months imprisonment. (Doc. 46).

Defendant appeared for sentencing on August 29, 2018. (Doc. 48). Defendant moved for a variance to which the Government objected. After considering the advisory guidelines, noting the policy agreement with Guideline § 2G2.2, the 18 U.S.C. § 3553(a) factors, as well as both aggravating and mitigating factors, the Court found a downward variance was warranted and

sentenced Defendant to 97 months imprisonment. (Docs. 51, 52). Defendant was also sentenced to 20 years of supervised release; a $100 special assessment; and a $4,900.00 fine. Defendant did not file a direct appeal of the judgment of conviction.

On August 5, 2019, Defendant filed the § 2255 motion currently before the Court, raising one argument.

## II.    GROUNDS FOR MOTION

Defendant asserts ineffective assistance of counsel, arguing defense counsel failed to object to the 2-level enhancement for distribution pursuant to U.S.S.G. § 2G2.2(b)(3)(F).

Defendant argues his counsel failed to argue that "Amendment 800,[1]" of the U.S.S.G. applied, and that Defendant had not engaged in distribution but merely used the peer-to-peer file-sharing storage service. Defendant did not file a direct appeal, and instead filed the current motion which the undersigned will address below.

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and "for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Permissible grounds for a § 2255 motion also include claims that the sentencing court lacked jurisdiction to impose a sentence, or that the sentence exceeded the maximum authorized by law or is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). In other words, the Eighth Circuit has concluded that a sentence that is within the statutory range cannot be

---

[1] The Court believes Defendant is referring to Sentencing Guidelines for United States Courts, 81 FR 2295-02, 2306 (2016), that added the work "knowingly" to § 2G2.2(b)(3)(F).

3

challenged, pursuant to § 2255, on the basis of alleged Sentencing Guidelines error. Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011) (en banc).

In this case, the Court determined Defendant's Sentencing Guideline Range to be 151 to 188 months, but was persuaded that a downward variance was warranted and sentenced Defendant to 97 months. Even if the two level enhancement under §2G2.2(b)(3)(F) was not applied to Defendant, his Sentencing Guideline Range would be 121-151 months, which is greater than the sentence of 97 months received by Defendant, and cannot be deemed a complete miscarriage of justice.

To establish ineffective assistance of counsel, Defendant must show: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) his counsel's deficiency actually prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-89 (1984). Pursuant to the admission of the factual basis in support of his guilty plea, Defendant admitted to downloading and sharing child pornography. (Doc. 23, p. 4). Therefore, any objection made to the enhancement for distribution would have been without. See Rodriguez v United States, 17 F.3d 225, 226 (8th Cir. 1994)(counsel is not ineffective for failing to make a meritless argument). Defendant is not entitled to relief.

### III. CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255 be DENIED and his petition be DISMISSED.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2). A "substantial showing" is a

showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of June 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE