IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF/RESPONDENT**

**V.**                        **CASE NO. 5:18-CR-50007-001**

**JAMES T. DAOSAENG**                                                    **DEFENDANT/MOVANT**

## ORDER

Currently before the Court is an Objection to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 67) filed by Defendant/Petitioner James T. Daosaeng. (Doc. 68). On August 5, 2019, Mr. Daosaeng filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255 and supporting Memorandum Brief. (Docs. 53 & 54). The Government responded on August 27, 2019, (Doc. 57), and Mr. Daosaeng filed his Reply on September 16, 2019. (Doc. 58). Chief United States Magistrate Judge Erin L. Wiedemann issued her R&R denying Mr. Daosaeng's Motion on June 12, 2020. (Doc. 67).

When a defendant makes a specific objection to a portion of a magistrate judge's report and recommendation, the district court must review the contested findings or recommendations *de novo*. See 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The R&R is detailed in its analysis and correct in its conclusion that Mr. Daosaeng's claim of ineffective assistance does not overcome the two-part test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Daosaeng's objection to the R&R provides no valid legal or factual basis for rejecting any of the Magistrate Judge's findings.

1

Mr. Daosaeng contends that the Magistrate Judge's analysis does not give proper significance to the Sentencing Commission's amendment of § 2G2.2(b)(3)(F) of the Sentencing Guidelines, which added the word "knowingly" to the two-level child pornography distribution enhancement. However, he fails to acknowledge that his plea agreement contained admissions that supported the application of the enhancement as amended and that his counsel cannot be considered ineffective for having failed to make a meritless argument. Additionally, while Mr. Daosaeng questions whether he might have received a greater downward variance if the Court had recalculated his Guideline range without the distribution enhancement, he does not challenge the R&R's finding that § 2255 motions are reserved for injuries that "would result in a complete miscarriage of justice." (Doc. 67, p. 3). Given the fact that the sentence the Court imposed fell well below even the recalculated Guideline range Mr. Daosaeng now proposes, the Court finds that no miscarriage of justice has occurred.

For the reasons stated above, **IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 67) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY**. Mr. Daosaeng's § 2255 Petition and Motion to Vacate (Doc. 53) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. Further, should the Defendant request a certificate of appealability, it will be denied for the reasons stated in the R&R.

**IT IS SO ORDERED** on this 30th day of June, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE